# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-284
Filed: September 20, 2018

\* \* \* \* \* \* \* \* \* \* \* \* \*    \*

JENNIFER M. WARKOCZEWSKI,    \*

          \*        Dismissal; Tetanus-Diphtheria-Acellular

          \*        Pertussis ("Tdap") Vaccine;

       Petitioner,       \*        Shingles; Post-Herpetic Neuralgia;

          \*        Insufficient Proof

          \*

v.                 \*

          \*

SECRETARY OF HEALTH      \*

AND HUMAN SERVICES,      \*

          \*

       Respondent.      \*

\* \* \* \* \* \* \* \* \* \* \* \* \*    \*

*Amy Senerth, Esq.,* Muller Brazil, LLP, Dresher, PA, for petitioner.
*Claudia Gangi, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

      On February 28, 2017, petitioner filed a petition for vaccine compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine caused her to develop shingles and post-herpetic neuralgia.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

After respondent filed his Rule 4(c) Report in this case, petitioner was ordered to file an expert report in support of her claim. *See* Scheduling Order, dated November 21, 2017. After requesting and receiving three Motions for Extension of Time, Petitioner filed a status report on July 2, 2018, indicating she needed to consult with her treating neurologist to inquire as to whether he could support her claim. *See* ECF Nos. 17, 19-21. On September 4, 2018, petitioner's counsel filed a status report advising the Court that petitioner's treating neurologist was unable to offer support for her claim. ECF No. 23. Petitioner's counsel informed the Court that she advised her client that there was nothing more she could do without an expert report and requested thirty days to withdraw petitioner's claim. *Id.* A Scheduling Order was issued advising petitioner to withdraw her claim within thirty days. Scheduling Order, dated September 5, 2018. On September 19, 2018, petitioner filed a Motion for Dismissal Decision requesting that her case be dismissed. ECF No. 24.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master
